**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

JOHN EARL JORDAN, JR., PETITIONER
Reg. #07438-043

V. 2:10-cv-00036-WRW-JJV

T. C. OUTLAW, RESPONDENT
Warden, FCI-Forrest City

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any

documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
500 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. §2241 of John Earl Jordan, Jr., an inmate in the custody of Federal Correctional Institution (FCI) Forrest City Low.

## I. BACKGROUND

Mr. Jordan was prosecuted in the United States District Court for the Southern District of Mississippi (U.S.D.C. SD/MS) for violations of 18 U.S.C. § 2113(a) in case numbers 1:04cr3, 1:05cr51, 1:06cr1, 1:06cr2, and 1:06cr3.[1] Prior to pleading guilty, Jordan filed a petition for writ of habeas corpus on January 31, 2005, in the SD/MS, case number 1:05cv46. He alleged that he was entitled to habeas relief on the following grounds: (1) violation of Fourth Amendment rights; (2) violation of Sixth Amendment rights; (3) violation of Fifth Amendment rights; (4) violation of Speedy Trial rights; (5) violation of Eighth Amendment right to be free from excessive bail; (6) violation of Sixth Amendment right to be informed of the nature and cause of the accusation; and (7) cruel and unusual punishment in violation of the Eighth Amendment.[2] The court dismissed

[1] Petitioner's extensive litigation history was previously set out in case number 2:09cv92 in this district, Doc. No. 22.

[2] *See* U.S.D.C. SD/MS, Case Number 1:05cv46, Doc. No.1.

Jordan's habeas claims because, by virtue of his guilty plea, he waived non-jurisdictional defects under the Fourth, Fifth, Sixth, and Eighth Amendments.[3]

Jordan pled guilty and was sentenced in case number 1:06cr2 on May 3, 2006, to 114 months incarceration and three years supervised release, to run concurrently with sentences in 1:04cr3, 1:05cr51; 1:06cr1; and 1:06cr3.[4] Petitioner did not file a direct appeal of the convictions or the sentences. After pleading guilty, Jordan filed a petition for writ of habeas corpus on May 17, 2005, in U.S.D.C. SD/MS, case number 1:05cv234, arguing that he should be tried under common law, rather than statutory law because "presently, Federal Reserve Notes are not backed up by gold or silver. Thus, under the common law, Federal Reserve Notes are worthless and taking them does not constitute a felony offense since the Federal Reserve Notes are worthless."[5] The court rejected Jordan's argument and found that his "habeas petition for release from pretrial confinement is moot because he has now been convicted and sentenced" and the instant petition did not present a claim upon which habeas relief could be granted.[6]

On April 11, 2008, Jordan filed the same motion to vacate petition under 28 U.S.C. § 2255 in U.S.D.C. SD/MS, in case numbers 1:04cr3, 1:06cr1, 1:06cr2, and 1:06cr3,. In his § 2255 petition, Jordan essentially set forth four grounds for relief: (1) an invalid conviction was improperly used to enhance his criminal history; (2) a weapon enhancement was improper; (3) grouping under U.S.S.G. § 3D1.4 was improper and resulted in a hybrid or non-concurrent sentence; and (4) errors in the

---

[3] *See* U.S.D.C. SD/MS, Case Number 1:05cv46, Doc. No. 15.

[4] *See* U.S.D.C. SD/MS, Case Number 1:06cr2, Doc. No. 6.

[5] *See* U.S.D.C. SD/MS, Case Number 1:05cv234, Doc. No. 1.

[6] *See* U.S.D.C. SD/MS, Case Number 1:05cv234, Doc. No. 2.

PSR.[7] The court issued two separate opinions denying Jordan's § 2255 petition.

In the first opinion[8] dated August 13, 2008 (addressing case number 1:04cr3), the district court denied Jordan's § 2255 petition because the applicable one-year statute of limitations period had elapsed before Jordan filed his petition.[9] The court also found that Jordan waived his right to assert claims under § 2255 because in his plea agreement he waived his right to appeal "or contest the sentence in any post-conviction proceeding."[10] The district court also denied *sua sponte* Jordan's application for certificate of appealability.[11] Jordan also sought a certificate of appealability from the United States Court of Appeals for the Fifth Circuit, which was denied August 21, 2009.[12]

In the second opinion[13] on October 22, 2009 (addressing case numbers 1:06cr1, 1:06cr2, and 1:06cr3), the district court also denied Jordan's § 2255 motion.[14] The court found that the statute of limitations had also passed on all but one claim – a claim that an invalid conviction was improperly used to enhance his criminal history.[15] The court denied Jordan's argument, and found that the sentencing court had properly included his conviction in the calculation of his sentence.[16]

On January 12, 2009, Jordan filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

---

[7] *See* U.S.D.C. SD/MS, Case Number 1:06cr1, Doc. No. 9.

[8] *See* U.S.D.C. SD/MS, Case Number 1:04cr3, Doc. No. 74.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *See* U.S.D.C. SD/MS, Case Number 1:04cr3, Doc. No. 87.

[13] *See* U.S.D.C. SD/MS, Case Number 1:06cr1, Doc. No. 40.

[14] *Id.*

[15] *Id.*

[16] *Id.*

§ 2241 in the U.S.D.C., Northern District of Alabama (ND/AL), case number 1:09cv57. In that petition, Jordan argued he was not challenging his underlying convictions, but instead was challenging the "illegal execution/enforcement" of the sentences imposed as a result of the convictions.[17] He sought habeas corpus review of the Bureau of Prisons' "illegal and unconstitutional application (enforcement/execution) of illegal criminal judgment."[18] The ND/AL court construed Petitioner's claim as challenging the restitution order as being illegally enforced.[19] However, the court noted that "[w]hile Petitioner is attempting to couch his petition in terms of a challenge to BOP financial policy and the way in which money has been withheld from his account to satisfy his restitution obligations, it is abundantly clear that he is really challenging the underlying restitution orders and criminal judgments."[20] The court cited examples of Petitioner's verbiage to support its findings.[21]

The ND/AL court found that these arguments were challenges to the conviction itself and were only cognizable in a § 2255 brought before the sentencing court.[22] The court held that "[i]f the court considers only Petitioner's challenge to the IFRP [Inmate Financial Responsibility Program] and the manner in which it has been applied to him, Petitioner is still not entitled to relief" because

---

[17] *See* U.S.D.C. ND/AL, Case Number 1:09cv57, Doc. No. 1.

[18] *Id.*

[19] *See* U.S.D.C. ND/AL, Case Number 1:09cv57, Doc. Nos. 8,12.

[20] *Id.*

[21] *Id.*, Doc. No. 8 at p. 9. Examples of this verbiage include ". . . non-concurrent application of concurrent sentences upon obviously defective judgments;" "currently the core issue now being presented is the BOP's illegal enforcement/execution of illegal/tainted sentences in 1:04cr3, 1:05cr51; 1:06cr1; 1:06cr2; and 1:06cr3; and "the issues presented for judicial review are the BOP's . . . illegal enforcement of known (NOTICED) illegal/invalid judgments . . . non-concurrent application of concurrent sentences, enforcement of invalid/infirm judgments."

[22] *Id.*

the sentencing court clearly imposed separate orders of restitution for each of the six counts against him.[23]

Petitioner filed another § 2241 petition on July 16, 2009, in the U.S.D.C., Eastern District of Arkansas (ED/AR).[24] In his petition, he raised two arguments, one of which was identical to that in his § 2241 petition filed in the Northern District of Alabama.[25] He argued that the judgments in 1:04cr3, 1:05cr51; 1:06cr1; 1:06cr2; and 1:06cr3 were illegal and were being "illegally non-concurrently applied and executed/enforced by the Bureau of Prisons (BOP) in an illegal manner that has now come to the point of being criminally executed/enforced."[26] Petitioner also alleged that money was taken from his inmate trust fund without an IFRP contract in place.[27]

The undersigned magistrate judge recommended that Jordan's petition be dismissed with prejudice as his first argument was successive and the BOP was within its discretion to withdraw money from his IFRP account.[28] The district court adopted that recommendation on January 11, 2010.[29] Jordan filed a notice of appeal on January 21, 2010.[30, 31] His case is currently under

---

[23] *Id*. at p.10.

[24] *See* U.S.D.C., ED/AR, Case Number 2:09cv92, Doc. No. 1.

[25] *Id*.

[26] *Id*.

[27] *Id*.

[28] *See* U.S.D.C., ED/AR, Case Number 2:09cv92, Doc. No. 22.

[29] *See* U.S.D.C., ED/AR, Case Number 2:09cv92, Doc. No. 33.

[30] *See* U.S.D.C., ED/AR, Case Number 2:09cv92, Doc. No. 42.

[31] Jordan also filed several other documents including Objections to the Report and Recommendation (Doc. No. 26), Motion for Reconsideration, Motion for Declaratory Judgment, Motion to Set Aside Judgment, Motion for Summary Judgment (Doc. No. 28), Motion for Discovery (Doc. No. 31), Motion for Order for FBI investigation (Doc. No. 36), and Motion for Return of All Previously Posted Sureties and Posted Promissory Notes (Doc. No. 41).

consideration by the United States Court of Appeals for the Eighth Circuit.

Jordan filed the instant Petition on March 18, 2010,[32] and set forth seven grounds for relief which are addressed, in turn, below.

## II.   ANALYSIS

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." This rule is applicable to § 2241 petitions through Rule 1(b) of the Rules Governing Section 2254 Cases. In this case, the Court has determined that all of Jordan's claims are procedurally barred because they either challenge his underlying federal convictions, are successive pursuant to § 2244(b)(1), or are without merit. Therefore, Jordan is not entitled to relief in this Court.

### A.   Procedurally Barred § 2255 Claims

Issues challenging the lawfulness of a federal conviction and the imposed sentence generally must be brought in the sentencing court through a § 2255 motion to vacate, set aside or correct.[33] Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court.[34]

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out and is properly brought before the court presiding in the

---

[32] *See* U.S.D.C., ED/AR, Case Number 2:10cv36, Doc. No. 1.

[33] *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

[34] *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

judicial district where the prisoner is incarcerated.[35] Therefore, a claim attacking the underlying sentence is properly considered in a § 2255 petition before the sentencing court and a claim attacking the execution of the sentence is properly brought in a § 2241 petition in the jurisdiction where the petitioner is incarcerated.[36] A § 2241 petition for habeas relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."[37]

For a habeas court to be permitted to invoke jurisdiction over Jordan's claims attacking his underlying sentence, he must prove the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court.[38] Jordan has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court.[39] This is a "narrowly circumscribed 'safety valve.'"[40] When a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction or sentence.[41] Specifically, the § 2255 remedy is not inadequate because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time

---

[35] *Matheny v. Morrison*, 307 F.3d 709, 710-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).

[36] *Nichols*, 553 F.3d at 649.

[37] 28 U.S.C. § 2255(e).

[38] *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

[39] *Id*. at 959.

[40] *United States ex. rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

[41] *Abdullah*, 392 F.3d at 963.

barred.[42] Furthermore, "a prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing court."[43]

In some cases, when a § 2241 petition is barred by the exclusive remedy rule, the court can construe the motion to be brought under § 2255 and the matter can be transferred to the sentencing court. However, if the petitioner has already sought relief under § 2255 in the sentencing court, a "second or successive" § 2255 motion cannot be entertained by the sentencing court without the prior approval of the United States Court of Appeals for the circuit where the petitioner was convicted.[44]

***i. Grounds One and Two***

In ground one, Jordan argues that a "[s]ubstantive due process violation in pre-plea and pre-sentencing 2241 #1:05cv46 resulted in loss of jurisdiction of the sentencing court to proceed with conviction and sentencing, due to denial of key discovery, and failure to notice termination of the USA from the cause, and the failure to notice the final disposition of #1:05cv46, denying not only hearing but appeal."[45]

Jordan argues in ground two that:

> Jurisdictional challenge was left open at time of sentencing of #1:04cr3, 1:05cr51; 1:06cr1; 1:06cr2; and 1:06cr3 which was brought in habeas corpus (2241) prior to plea and sentencing in action #1:05cv234. Once jurisdictional challenge is issued, jurisdiction must show on the record. Denial of this key discovery is substantive due

---

[42] *Id*. at 959.

[43] *Nichols v. Symmes*, 553 F.3d 647, 652 (8th Cir. 2009) (quoting *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003).

[44] 28 U.S.C. § 2244(b)(3) and 28 U.S.C. § 2255(h) ("a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeal . . . .").

[45] Case Number 2:10cv36, Doc. No. 1, p. 5.

    > process violation depriving the sentence court of jurisdiction to lawfully/ constitutionally pronounce valid sentences. Therefore, the said criminal judgments must be void ad initio on this ground alone.[46]

In both grounds, Jordan challenges the federal court's jurisdiction over 18 U.S.C. § 2113 crimes.

In Jordan's Exhibit One, he provides a copy of his first habeas petition filed in the Southern District of Mississippi, case number 1:05cv46. In that petition, he asserted, among other things, that he did not understand how the court had jurisdiction over his claims and he did not fully understand the charges.[47] He stated "the petitioner requests to be informed of the rules and procedures of the statutory jurisdiction under which he is being tried."[48]

To the extent that Jordan is challenging the procedure followed by the district court in pre-plea and pre-sentencing and the court's failure to explain the jurisdictional issue to him, these arguments should be presented in a § 2255 petition as they challenge the validity of his conviction. Jordan has failed to meet his burden of demonstrating the inadequacy or ineffectiveness of seeking relief from the sentencing court. Furthermore, any subsequent § 2255 petition would be successive and must be certified by the United States Court of Appeals for the Fifth Circuit. Accordingly, this Court does not have jurisdiction to entertain this argument under § 2241.

However, the exhibits and arguments Jordan presents cause this Court to conclude he is really challenging the federal court's jurisdiction over 18 U.S.C. § 2113 crimes in both grounds one and two. Jordan has already challenged the federal court's jurisdiction over 18 U.S.C. § 2113 crimes in his petition for habeas corpus, SD/MS case number 1:05cv234, provided to this Court in exhibit 5.[49]

---

[46] *Id.*

[47] *See* U.S.D.C. SD/MS, Case Number 1:05cv46, Doc. No.1.

[48] *See* U.S.D.C. SD/MS, Case Number 1:05cv46, Doc. No.4.

[49] *See* Case Number 2:10cv36, Doc. No. 1, Ex. 5, pp. 2-3.

In that case, he argued that "[p]resently federal reserve notes are not backed up by gold or silver. Thus, under the common law, federal reserve notes are worthless and taking them does not constitute a felony offense since the federal reserve notes are worthless."[50] The district court denied Jordan's petition, acknowledging that his habeas petition for release from pretrial confinement was moot because he had been sentenced and convicted, and he did not present a claim upon "which habeas relief may be granted."[51] Jordan did not appeal this decision.

This jurisdictional argument is challenging the validity of Jordan's conviction and not the execution of his sentence. Because he has already filed a § 2255 petition in the SD/MS, Jordan must seek permission from the United States Court of Appeals for the Fifth Circuit to proceed with another § 2255 motion raising this argument. Without authorization from the United States Court of Appeals for the Fifth Circuit, this Court cannot invoke jurisdiction over a successive § 2255 motion.

Furthermore, even if Jordan had permission to advance this claim on the merits, his argument is without merit because it is well established that federal courts have jurisdiction over 18 U.S.C. § 2113 crimes.[52]

***ii. Ground Four***

In ground four of his instant petition, Jordan argues that "the use of invalid (unconstitutional) state prior charge #93537 from Tangipahoa Parish Louisiana for criminal history enhancement taints the judgments on due process grounds due to substantial error of material fact in violation of

---

[50] *See* U.S.D.C. SD/MS, Case Number 1:05cv234, Doc. No. 1.

[51] *See* U.S.D.C. SD/MS, Case Number 1:05cv234, Doc. No. 2.

[52] *See United States v. McMillian*, 535 F.2d 1035, 1037 n.1 (8th Cir. 1976), *cert. denied,* 434 U.S. 1074 (1978); *Toles v. United States*, 308 F.2d 590, 594 (9th Cir. 1962), *cert. denied,* 375 U.S. 836 (1963); *see also* 18 U.S.C. § 2113(f) (1994) (for purposes of statute, "bank" means any bank whose deposits are insured by the Federal Deposit Insurance Corporation).

*Townsend v. Burke,* 334 U.S. 736."[53] Jordan previously litigated this issue in his § 2255 motions before the United States District Court for the Southern District of Mississippi.[54]

In that motion, he argued that:

> criminal history enhancement under U.S.S.G. § 4A1.1(c) against the Defendant Movant is in error, where the 7/19/1999 State of Louisiana arrest for Obtaining a Controlled Substance by Fraud was disposed of through a diversionary deferred adjudication in the 21st Judicial District "Drug Court" on 11/7/2001 and this prosecution was/is fundamentally constitutionally infirm and invalid, and it was improperly used when the Government knew or should have known that this state prior was invalid/infirm from the face of the state record of Docket #93537.[55]

The SD/MS court found that Jordan's state criminal conviction was not "'expunged' within the meaning of the Sentencing Guidelines because it still exists and may be used for certain purposes . . . [t]herefore, the court properly included this conviction in calculating Jordan's sentence."[56]

Because the sentencing court denied Jordan relief on his earlier § 2255 motion and Jordan failed to apply to the proper court for further § 2255 relief, his Petition is successive and this Court does not have jurisdiction.[57] Jordan must obtain authorization from the United States Court of Appeals for the Fifth Circuit to pursue this claim.

***iii. Ground Five***

In ground five, Jordan argues that "[j]urisdiction is lacking to non-concurrently assess the promised and claimed provided concurrent sentences, and to non-concurrently apply what are

---

[53] *See* Case Number 2:10cv36, Doc. No. 1, p. 7.

[54] *See* U.S.D.C. SD/MS, Case Numbers 1:04cr3, Doc. No. 65, and 1:06cr1, Doc. No. 9.

[55] *See* Case number 1:06cr1, Doc. No. 9, pp. 5-9.

[56] *See* Case number 1:06cr1, Doc. No. 40, pp. 4-6.

[57] While Jordan sought and was denied a Certificate for Appealability from the United States Court of Appeals for the Fifth Circuit in case number 1:04cr31, he did not do so in1:06cr1. The opinion in 1:06cr1 addressed the expungement issue on the merits. Therefore, Jordan must seek a certificate of appealability from the United States Court of Appeals for the Fifth Circuit.

suppose to be concurrent criminal judgments."[58] Jordan contends that "grouping points under U.S.S.G. Sect. 3D1.4 cannot be justified, nor is there jurisdiction to levy the 5 point grouping enhancement points since 3D1.4 must be read and applied with U.S.S.G. Sect. 3D1.2 as a foundation."[59]

Jordan raised this argument in his multiple case § 2255 petition in the Southern District of Mississippi,[60] where he argued that grouping under § 3D1.4 "creates a hybrid sentence which is neither concurrent or consecutive, and this is counter to statute."[61] The SD/MS court found in both of its opinions that Jordan's argument was precluded because he had failed to file it within the applicable statute of limitations.[62] Furthermore, the SD/MS court found in its August 13, 2008 opinion that Jordan had waived his right to assert claims under § 2255 pursuant to his plea agreement, in which he waived the right to appeal his sentence or contest his sentence in any post-conviction proceeding.[63]

Because the sentencing court denied Jordan's earlier § 2255 motion and the United States Court of Appeals for the Fifth Circuit denied a Certificate of Appealability, this Court cannot entertain his § 2241 Petition.

**B. Successive § 2241 Claim**

Section 2244(b)(1) of Title 28, United States Code, provides that "[a] claim presented in a

---

[58] *See* Case Number 2:10cv36, Doc. No. 1, p. 8.

[59] *Id*.

[60] *See* U.S.D.C. SD/MS, Case Numbers 1:04cr3, Doc. No. 65, and 1:06cr1, Doc. No. 9.

[61] *See* U.S.D.C. SD/MS, Case Numbers 1:04cr3, Doc. No. 65, p.29, and 1:06cr1, Doc. No. 9, p.29.

[62] *See* U.S.D.C. SD/MS, Case Numbers 1:04cr3, Doc. No. 74, and 1:06cr1, Doc. No. 40.

[63] *See* U.S.D.C. SD/MS, Case Number 1:04cr3, Doc. No. 74.

second or successive habeas corpus application under 2254 that was presented in a prior application shall be dismissed." The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes procedural requirements on federal prisoners, like Jordan, who seek to file "second or successive" motions to vacate their sentences.[64] The AEDPA amended 28 U.S.C. § 2244(b) to prevent the filing of any subsequent habeas corpus petitions absent certification by the appropriate court of appeals for the circuit in which the district court sits.[65]

"Under § 2244(b), the first step of analysis is to determine whether a 'claim presented in a second or successive habeas corpus application' was also 'presented in a prior application' [and adjudicated]. If so, the claim must be dismissed. . . ."[66] Any new claim that has not been adjudicated on the merits must be dismissed unless it relies on a new and retroactive rule of constitutional law or new facts showing actual innocence.[67]

***i. Ground Six***

Jordan argues that "the BOP has denied due process in the unlawful collections of financial penalties through the Inmate Financial Responsibility Program ("IFRP")'s collections of multiple assessment fees and restitutions without jurisdiction."[68] He further contends that "this has created a situation of cruel and unusual punishment on the Petitioner . . . ."[69] Jordan raised the exact same argument in his § 2241 petition before this Court in case number 2:09cv92. Because the case was

---

[64] 28 U.S.C. § 2244(b).

[65] *Id.*

[66] *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

[67] *Tyler v. Cain*, 533 U.S. 656, 661-62 (2001).

[68] *See* U.S.D.C. ED/AR, Case Number 2:10cv36, Doc. No. 1, p. 9.

[69] *Id.*

decided on the merits, it has been completely adjudicated.[70] The case is currently on appeal to the United States Court of Appeals for the Eighth Circuit. Having found this to be a successive application, Jordan must obtain permission from the United States Court of Appeals for the Eighth Circuit before this Court can consider this argument again.[71]

**C. Frivolous Claims**

***i. Ground Three***

Jordan contends that "[t]he Government breached the plea by not providing the promised inducement of truly concurrent sentences, making the plea unknowing and involuntary[72], a due process violation, tainting and voiding the resulting judgments on those grounds where correction has been repeatedly denied in bad faith."[73]

Jordan's argument in ground three is moot because his sentence is being run concurrently. A review of the Federal Bureau of Prisons' website indicates Petitioner's scheduled release date is March 24, 2012.[74] Given that Jordan was sentenced on May 3, 2006, but had been in custody since his arrest in January of 2004 and likely was given credit for time served, the projected release date of March 24, 2012, clearly comports with a 114 month sentence. If Jordan has specific evidence that the BOP is not correctly carrying out his sentence, he is to provide that evidence in his objections to the Report and Recommendation.

---

[70] *See* U.S.D.C. ED/AR, Case Number 2:09cv92, Doc. No. 33.

[71] 28 U.S.C. § 2244(b)(3)(A).

[72] *See Santobello v. New York*, 404 U.S. 257.

[73] *See* Case Number 2:10cv36, Doc. No. 1, p. 6.

[74] Federal Bureau of Prisons Website: http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=07438-043&x=70&y=25

***ii. Ground Seven***

Jordan argues in ground seven that "[m]ultiple pleadings were denied any consideration or ruling, criminal conduct was ignored, discovery was denied, and multiple supplemental pleadings were denied ruling in bad faith."[75] He continues by saying that:

> All of the above caused obstruction and denial of fair and full hearing of #2:09cv92, and it will do the same to appeal #10-1137 if the Appellate Court does not order the U.S.D.C. to answer the unanswered MOTION FOR DECLARATORY JUDGMENT with the MOTION FOR ORDER OF VOID JUDGMENT attached thereto, or for this HABEAS CORPUS to be answered while the appeal is stayed. This HABEAS CORPUS contains the same points as the two unanswered supplementary pleadings which were denied mandatory hearing in #2:09cv92.[76]

Jordan's allegations in ground seven fail to state any basis for habeas relief.[77] He appears to be seeking relief from the United States Court of Appeals for the Eighth Circuit for motions denied in case number 2:09cv92. His appeal of this case is currently pending before the United States Court of Appeals for the Eighth Circuit. This Court does not have jurisdiction over these claims and accordingly, the claims are denied.

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Mr. Jordan's Petition (Doc. No. 1) be DISMISSED with prejudice and the relief

---

[75] *See* Case Number 2:10cv36, Doc. No. 1, p. 10.

[76] *Id.*

[77] *Cf.* Following the United States Supreme Court's recent opinion in *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 1950, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. at 545-46.

requested be DENIED and all other pending motions are denied be moot.[78, 79]

DATED this 20th day of May, 2010.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

[78]Since filing this Petition, Jordan has filed Judicial Misconduct complaints against the undersigned and United States District Judge William R. Wilson. Jordan argues that the undersigned and Judge Wilson should recuse from this case. The Court declines to do so. *See In re Mann,* 229 F.3d 657, 658 (7th Cir.2000) (district judge is not disqualified merely because litigant files complaint alleging judicial misconduct; if that were rule, litigants could manipulate system by filing frivolous complaints in hopes of being assigned a judge more sympathetic to their cause).

[79] Jordan also attaches a Petition for Writ of Mandamus to the end of his habeas petition, in which he alleges he is being blocked access to the courts and legal supplies. (Doc. No. 1, p. 50). He also filed a Petition for Emergency Writ of Mandamus in this case, in which he alleges he has serious health issues that are not being attended to by the BOP and are resulting in cruel and unusual punishment. (Doc. No. 7). These arguments should be brought in a 42 U.S.C. § 1983 action challenging the conditions of his confinement.